Good morning. Good morning, Your Honors. Matt Larson of the Federal Defender's Office for Ms. Lowe. Your Honors, I think this Court's decisions in Whalum, Hunt, Herbst, and Brown, which I thank the Court for bringing to the party's attention, compel a remand in this case. Brown is quite similar, in fact. There, as here, a pro se petitioner came into federal habeas court, and the magistrate judge issued an R&R urging dismissal on the basis of untimeliness. The petitioner, there as here, then filed objections to the petition, saying, among other things, that the petitioner lacked access to legal materials on AEDPA and the habeas rules. There, as here, the district judge then adopted the R&R without comment and without addressing the petitioner's objections that he or she lacked access to the AEDPA materials. This Court reversed finding an abuse of discretion for two reasons, which were present in Brown and which were also present here. The first reason is that there was nothing in the record showing that the district judge actually exercised discretion. The judge simply said, I've made it to know of a review, and I'm adopting the R&R. But critically, there as here, the district judge did not address the petitioner's arguments about lack of access to AEDPA materials. Secondly, the Court said the petitioner was pro se, also here. The petitioner there had a third grade education, also here. Ms. Lowe said in her objections, Please note, I was arrested when I was 15 years old, consequently incarcerated. I have limited education and a very hard time understanding these rules. Essentially, these facts are materially indistinguishable from the facts in Brown. And I think that that case, which cited Whalum Hunt and also Herbst, which we talk about in our briefs, compels a remand here. Is there a reason we had to call it to everyone's attention? I do apologize, Your Honor, for not bringing Brown to the Court's attention. Since it seems like it's your strongest issue. And I thank the Court, and I apologize for not doing so. On your other arguments, there appear to be some new arguments that your client brought up on appeal. If she didn't raise these arguments regarding her mental retardation, reliance on a jailhouse lawyer, and her reliance on her father before the district court, why should we consider them here? The reason I briefed those issues, Your Honor, is because I construed the certified question to require briefing on whether the petition was, in fact, timely or not. If there was procedural error here committed by the district court, arguably it would be harmless if the petition is late in any event. So that's why I briefed the issue of the petition not being late under the doctrine of equitable tolling. Now, I completely understand if this Court is going to say, we don't want to address these new facts in the first instance on appeal, and therefore we'll remand for a hearing in the district court. We have no objection to that, Your Honors. Thank you, Your Honor. Thank you. Good morning, Your Honors. Good morning, Attorney General. Blythe Leskay for Respondent. May it please the Court, at the outset I will discuss Brown v. Rose requested by this Court. I'll then explain why Petitioner received sufficient notice and opportunity to present her arguments to the district court. And finally, I'll discuss why the district court properly dismissed this petition as untimely. Brown v. Rose held that the district court abused its discretion by failing to consider Petitioner's equitable tolling claim, which was first raised in the objections. The district court there did not mention equitable tolling or give reasons for rejecting it, so it was unclear if the issue was even considered. Here, however, the report and recommendation specifically addressed equitable tolling. In particular, it stated that equitable tolling was not available for a lack of education or a lack of legal knowledge, which was one of the claims raised by Petitioner. And was that claim raised before the magistrate judge issued its ruling? It appears that it was raised afterwards. After the report and recommendation went out. Right, so then are you suggesting that the report and recommendation was changed? It's unclear to me whether it was changed. If it was changed, then she should have had another opportunity to object to it. It seems very odd, internally and procedurally, having been a district court judge and handling reports and recommendations of magistrate judges in habeas cases, that her specific arguments would have been addressed in a revised R&R. Well, there is no indication that it was, in fact, revised. I don't know if that happened. And which statement are you referring to in the R&R? The R&R states that- You're talking about the footnote? There's a footnote and then also the paragraph- That says on page 3? Correct. And that footnote, I mean that paragraph, specifically addresses equitable tolling. It sets out the standard for equitable tolling. Okay, and then she filed her objections, right? Correct. And then she makes her specific arguments about the law library? The law library and her lack of education, correct. Well, she says, though, I'm quoting, it seems that the prison law library, quote, failed to include materials about the AEDPA habeas corpus rules, unquote. And I think that you're saying that, well, she didn't say that there were no materials or something, that she didn't adequately raise it. But while she may not be able to claim a direct problem with her lack of education and retardation, but isn't that just enough that the most natural reading of that claim was that she was claiming there were no AEDPA materials at all and that the court should look into that? And maybe after looking into it, that's not what she meant, but with her education and her retardation and all of those things, failed to include materials about the AEDPA habeas corpus rules seems to fall fairly squarely within the Whalum Hunt decision. Well, I would first point out that her mental deficiencies are not properly considered at this point, and there was no indication in what she presented to the district court that she had any kind of mental deficiency other than a lack of education. So I'd ask the court not to consider that at all for any purpose. However, even if her statement, that single statement, could be read to say that there were no AEDPA materials in the library, she still did not say that she exercised any kind of reasonable diligence in attempting to obtain materials. She does not say that she didn't know that there was a one-year statute of limitations. She doesn't say that there were any materials that she, in fact, needed to. . . Did the court say that? The court did not. Or the court just didn't say anything, so we don't know whether the court just missed it or what? We don't know. Well, we know that the court did consider equitable tolling and did consider. . . The district court? The district court. The district court's order specifically states that it reviewed the report and recommendation and specifically with regard to the portions that were objected to, it gave a de novo review of those portions. Of course, the only objection that she raised was equitable tolling, and that distinguishes this case from Brown v. Roe because equitable tolling here was addressed in the report and recommendation, and that was the only objection that she made.  The objections could only be read to say that it, in fact, considered her equitable tolling claim. That was the only thing that she raised, so the court statement can only be read to say that much. That would distinguish this case from Brown v. Roe, and the petitioner, in fact, received sufficient notice. She received the R&R. The R&R specifically informed her how she could object. She, in fact, did so, which suggests that she knew that she could do so and that she received sufficient notice of that. She was able to present her position. The district court, by every indication, considered her objections as well as her report and recommendation, and there's no basis to find that it didn't. Because the report and recommendation explicitly considered equitable tolling and discussed it, and because that was the only objection raised by the petitioner, the only conclusion is that the district court did consider that and it properly dismissed her petition as untimely. If there are no further questions, I would submit. Thank you. I'd just like to address this one point of whether the R&R actually addressed her arguments. It did not. The R&R said, based on what I've seen so far, there's no basis here for equitable tolling. After that, Ms. Loeb put in her objections, setting out the reasons for equitable tolling, and the court then never addressed those reasons. This was exactly the defect in Brown, Wayland Hunt, and Hurst, and those authorities compelled a remand in this case. Thank you.
judges: REINHARDT, WARDLAW, CALLAHAN